NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE DELGADO,                          :
                                       :   Civil Action No. 06-425 (JLL)
                  Petitioner,          :
                                       :
            v.                         :   **OPINION**
                                       :
ADMINISTRATOR KATHY                    :
MCFARLAND, et al.,                     :
                                       :
                  Respondents.         :


**APPEARANCES:**

> JOSE DELGADO, Petitioner <u>Pro Se</u>
> #253765
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey 08302
>
> CATHARINE ANTOINE FODDAI, ESQ.
> Bergen County Prosecutor's Office
> Bergen County Justice Center
> 10 Main Street
> Hackensack, New Jersey 07601
> Counsel for Respondents

**LINARES**, District Judge

This matter is before the Court on Petitioner Jose Delgado's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## I.   PROCEDURAL BACKGROUND

In 1996, petitioner, Jose Delgado ("Delgado"), was indicted by a Bergen County Grand Jury on charges of second degree robbery, theft of movable property, and resisting arrest. Delgado entered a plea of not guilty to the indictment, and requested to proceed pro se.  The trial court granted Delgado's motion on June 23, 1997.  (Transcript of pretrial proceeding on June 23, 1997, 1T[1]).

Trial commenced on November 12, 1997.  On November 13, 1997, the trial court held a Wade hearing and ruled admissible the victim's photographic identification of defendant.  On November 18, 1997, the jury returned a verdict of guilty on all counts. On January 23, 1998, the court sentenced petitioner to an extended term.  Petitioner was sentenced to 18 years imprisonment with a nine-year parole disqualifier on the robbery count, a concurrent five-year term of imprisonment on the second count, and a consecutive 18-month prison term on the third count.  (7T 10:23-28:12).

---

[1]  The respondents provided the Court with eight volumes of transcripts from the state court proceedings as follows:

| | |
|---|---|
| 1T | May 19, 1997 Pretrial Motion Hearing |
| 2T | June 23, 1997 Pretrial Motion Hearing |
| 3T | November 12, 1997 Trial transcript |
| 4T | November 13, 1997 Trial transcript |
| 5T | November 17, 1997 Trial transcript |
| 6T | November 18, 1997 Trial transcript |
| 7T | January 23, 1998 Sentencing proceeding |
| 8T | February 4, 2002 Transcript of state PCR proceeding |

On or about March 20, 1998, Delgado filed a direct appeal from his conviction and sentence to the New Jersey Appellate Division.  His conviction was affirmed in an Opinion filed on December 15, 1999.  (RE4).[2]  The New Jersey Supreme Court denied certification on April 27, 2000.  (RE8, pg. 2).  A motion for reconsideration was denied on October 3, 2000.

Thereafter, on or about September 12, 2001, Delgado filed a petition for post-conviction relief ("PCR") in state court.  The Honorable Eugene H. Austin, J.S.C., Superior Court of New Jersey, Law Division, Bergen County, denied the PCR petition by Order

---

[2]  The respondents provided exhibits of the state court record, which this Court designates as follows:

    RE1 - Petitioner's initial brief and appendix on direct appeal.
    RE2 - Petitioner's pro se supplemental brief and appendix on direct appeal.
    RE3 - Respondent's opposition brief on direct appeal.
    RE4 - Appellate Division Opinion, dated December 15, 1999.
    RE5 - Petitioner's petition for certification to the New Jersey Supreme Court.
    RE6 - Petitioner's pro se application for certification.
    RE7 - Respondent's letter in opposition.
    RE8  Petitioner's brief and appendix on appeal from denial of post-conviction relief.
    RE8a Petitioner's pro se supplemental brief and appendix on appeal from denial of post-conviction relief.
    RE9  Respondents' brief in opposition to appeal from denial of post-conviction relief.
    RE10-Petitioner's reply brief on PCR appeal.
    RE11- Appellate Division Opinion, filed March 23, 2004.
    RE12- Petitioner's petition for certification.
    RE12a-Petitioner's pro se petition for certification.
    RE13- Respondents' letter in opposition.

filed on February 19, 2002.[3]  (RE8).  Delgado appealed from that decision, and the New Jersey Appellate Division affirmed the denial of post-conviction relief in an Opinion filed on March 23, 2004.  (RE11).  The New Jersey Supreme Court denied certification on June 30, 2004.

On January 18, 2006, Delgado filed this federal habeas petition under 28 U.S.C. § 2254.[4]  Respondents filed an answer to the petition, with copies of the relevant state court record, on April 27, 2006.  Delgado filed a traverse on June 5, 2006.

## II.  STATEMENT OF CLAIMS

In his petition and reply-letter brief, Delgado raises the following claims in support of his application for habeas relief:

---

[3]  A hearing on petitioner's application for post-conviction relief was conducted on February 4, 2002.  (8T).

[4]  Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine from the face of the petition the exact date that Delgado handed his petition to prison officials for mailing, Delgado signed the petition on January 18, 2006.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that January 18, 2006, rather than January 30, 2006 (the date the petition was received in the Clerk's office), was the date this petition was filed for purposes of calculating the timeliness of the petition.

4

Ground One: Petitioner was denied due process by the holding of a trial on a "no bill" indictment.

Ground Two: Petitioner was unlawfully detained for more than 72 hours without scheduling an initial appearance in violation of petitioner's Sixth and Fourteenth Amendment rights.

Ground Three: There was insufficient evidence to charge him with robbery, and there was a broken chain of custody and lost evidence in violation of petitioner's right to a fair trial.

Ground Four: The photo array identification was impermissibly suggestive and should not have been admitted at trial in violation of petitioner's Fifth and Fourteenth Amendment rights.

Ground Five: Ineffective assistance of appellate counsel.

Ground Six: Trial court failed to instruct a juror and conduct a voir dire in violation of petitioner's Fifth and Fourteenth Amendment rights.

Ground Seven: Petitioner's claims should not have been procedurally barred under N.J. Court R. 3:22-4, as they assert constitutional issues under the state and federal constitution.

Ground Eight: Petitioner should not have been allowed to represent himself at trial in violation of the Sixth Amendment.

The State answered the petition asserting several affirmative defenses. First, the State contends that the action is time-barred. Second, the State asserts that several of

5

Delgado's grounds for relief do not raise federal constitutional claims and should be dismissed accordingly.  Third, the State argues that many of the claims now raised by petitioner are procedurally defaulted.  The State also contends that all of petitioner's claims are without substantive merit.

### III.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

6

pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) ("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417,

419 (3d Cir. 2000); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999); <u>U.S. Sup. Ct. R.</u> 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. <u>Burns</u>, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

petition for writ of certiorari in the United States Supreme
Court from the denial of his state post-conviction petition does
not toll the one year statute of limitations under 28 U.S.C.
§ 2244(d)(2)." Stokes v. District Attorney of the County of
Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S.
959 (2001).

The limitations period of § 2244(d) is also subject to
equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.),
cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153,
159 (3d Cir. 1999); Miller v. New Jersey State Dept. of
Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a
litigant seeking equitable tolling bears the burden of
establishing two elements: (1) that he has been pursuing his
rights diligently, and (2) that some extraordinary circumstance
stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17
(2005). The Third Circuit instructs that equitable tolling is
appropriate when "principles of equity would make the rigid
application of a limitation period unfair, such as when a state
prisoner faces extraordinary circumstances that prevent him from
filing a timely habeas petition and the prisoner has exercised
reasonable diligence in attempting to investigate and bring his
claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).
Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d
at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[6]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000), cert. denied, 539 U.S. 948 (2003).

Here, Delgado's judgment of conviction became final after the enactment of AEDPA.  The New Jersey Supreme Court denied reconsideration of Delgado's petition for certification on direct

---

[6]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

appeal on October 3, 2000.  Thus, the judgment of conviction became final on or about January 3, 2001, upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  <u>See</u> <u>Swartz</u>, 204 F.3d at 419. Delgado then had one year from January 3, 2001, or until January 3, 2002, to bring his federal habeas petition under § 2254.

This Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before January 3, 2002, because Delgado had filed his state PCR petition on or about September 12, 2001 and it remained pending until June 30, 2004, when the New Jersey Supreme Court denied certification on Delgado's appeal from denial of post-conviction relief.  Thus, the limitations period began to run from January 3, 2001, for 252 days until Delgado filed his state PCR petition on September 12, 2001.  At that point the limitations period was tolled until June 30, 2004, when it began to run again.  Delgado had 113 days remaining on his limitations period, or until October 21, 2004, to file a timely federal habeas petition.  He did not file this petition until January 18, 2006.[7]

_____

[7]  It appears that Delgado did file an earlier federal habeas petition on July 6, 1999, before his state court conviction became final.  That petition was dismissed on July 19, 1999.  That first habeas petition, however, does not serve to toll or effect the limitations period at issue here.  Statutory tolling is not available while an unexhausted § 2254 petition is pending before a federal court.  See <u>Duncan v. Walker</u>, 533 U.S. at 181-82 ("an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert.

---

review' within the meaning of 28 U.S.C. § 2244(d)(2)" and, thus, does "not toll the limitation period during the pendency of respondent's first federal habeas petition."); Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004); see also Rhines v. Weber, 544 U.S. 269, 274-75 (2005)("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

denied, 531 U.S. 840 (2000)).  Consequently, Delgado's habeas
petition is time-barred.

Additionally, this Court finds that Delgado offers no
legitimate excuses, extraordinary or otherwise, for equitable
tolling under these circumstances.[8]  At best, it would appear
that Delgado miscalculated the statutory period when he failed to
count the time his limitations period began to run after his
conviction became final and before he filed his state PCR
petition on September 12, 2001, which served to toll the
limitations period under 28 U.S.C. § 2244(d)(2).  Miscalculation
of the statutory period does not constitute extraordinary
circumstances to permit equitable tolling.  Fahy, 240 F.3d at
244.  Moreover, even if Delgado was ignorant of the fact that the
limitations period began to run on January 3, 2001 when his

_____

[8]  Delgado recites the length of time it took for the state
court to adjudicate his direct appeal and his PCR petition on
appeal, as well as the time it took for his counsel to file the
PCR brief and appeal from denial of the PCR.  See Petitioner's
Reply Letter-Brief at pp. 52-54.  (Docket Entry No. 10).
However, those time periods were not counted by this Court in its
determination of Delgado's limitation period, with the exception
of the nine months between January 3, 2001, when the judgment of
conviction became final, and September 12, 2001, when the
limitations period was tolled by the filing of the PCR petition.
In any event, even if this Court were to consider, for arguments'
sake, that the limitations period did not begin to run until June
30, 2004, when the New Jersey Supreme Court denied certification
on appeal from denial of the state PCR petition, which would give
Delgado one year or until June 30, 2005 to file his § 2254 habeas
petition, Delgado's habeas petition is well out of time.  He did
not file his petition until January 18, 2006, almost six months
later.

conviction became final under AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, Delgado does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations, and his habeas petition should be dismissed accordingly as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

Dated: December 7, 2006

_____
JOSE L. LINARES
United State District Judge